James F. Sullivan, Esq. (JS 3099)
*Attorney for the Plaintiff*
52 Duane Street 7th Floor
New York, New York 10002
Email: jsullivan@jfslaw.net
Telephone: (212) 374-0009

Lawrence Spasojevich, Esq. (LS 1029)
*Attorney for Plaintiff*
9224 Queens Boulevard #740010
Rego Park, New York 11374
Email: ls@spasojevichlaw.com
Telephone: (914) 487-3592

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRAIG ST. JOHN,

                Plaintiff,

-against-

AL STUDIO LLC and
ANNA-LOU LEIBOVITZ,

                Defendants.

CASE NO.

**COMPLAINT**

ECF Case,

---

Plaintiff, CRAIG ST. JOHN, on behalf of Plaintiff, by and through the undersigned attorneys, James F. Sullivan, Esq. and Lawrence Spasojevich, Esq., hereby files this Complaint against Defendants, AL STUDIO, LLC (hereinafter "Corporate Defendant") and ANNA-LOU LEIBOVITZ (hereianfter " LEIBOVITZ") (collectively "Defendants") and states as follows:

Pg. 1

## INTRODUCTION

1. Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendants: (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; (5) attorneys' fees and costs; and, (6) reimbursement of business expenses totaling $79,000.00.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

4. Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, CRAIG ST. JOHN, is an adult resident of Dutchess County, New York.

6. Upon information and belief, Defendant, AL STUDIO, LLC, is a foreign limited liability company, organized and existing under the laws of the State of Delware registered and operating within the State of New York, with a place of business located at 755 Greenwich Street, New York, New York 10014.

7. Upon information and belief, Defendant, LEIBOVITZ, is an owner, officer, director and/or managing agent of Corporate Defendant who participated in the day-to-day operations of

Corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations, and is jointly and severally liable with Corporate Defendant.

8. At all relevant times, Corporate Defendant, AL STUDIO, LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, Plaintiff was an individual engaged in interstate commence, within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendant.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

*Plaintiff's Overtime Claim*

12. Plaintiff was employed by Corporate Defendant from in or about October 15, 2010 to September 1, 2022.

13. During the course of his employment and upon recall and recollection, Plaintiff worked a schedule Sunday through Saturday, 8:00 a.m. to 8:00 p.m.; or eighty-four (84) hours per week.

14. By way of example and upon recall and recollection, for the week of July 31, 2022, Plaintiff worked Sunday through Saturday, 8:00 a.m. to 8:00 p.m.; or eighty-four (84) hours that week.

15.     Upon his recall and recollection. for the forgoing week Plaintiff was paid $1,730.77 when he should have been paid $4,586.54.

16.     Defendants did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

17.     Defendant, LEIBOVITZ, is an individual who, upon information and belief, owns the stock of Corporate Defendant, owns Corporate Defendant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

18.     Defendant, LEIBOVITZ, exercised control over the terms and conditions of Plaintiff's employment, in that LEIBOVITZ has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

19.     Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

20.     Defendants knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

21.     At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

22.     Defendants did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

23. Upon information and belief, this was done to maliciously disguise the actual number of hours the Plaintiff worked and to avoid paying an overtime wage for all hours worked over forty (40) hours in a workweek.

24. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

25. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

*Plaintiff's Wage Recovery Claim*

26. Through the course of employment, by and through the execution of its tasks and duties necessary and assigned to Plaintiff by Defendant, Plaintiff was forced to use his own funds, or business expenses, that Defendants promised would be reimbursed.

27. Such business expenses include but are not limited to:

    a. $3,000.00 dollars for purchase of "horse braiding" services;

    b. $7,100.00 for purchase of "computers";

    c. $850.00 for purchase of "surf instruction"; and;

    d. $3,000.00 for purchase "house keeping services".

28. It was not a task and duty for Plaintiff to make or determine the services that were paid, Defendants asked, and required, that Plaintiff utilize his own funds for the purpose of purchasing such services with the promise to be reimbursed.

29. Over the course of Plaintiff's employment, the total amount of employment related expenses rose to $79,000.00.

30. However, Defendants willfully and maliciously failed to reimburse Plaintiff the full amount of expenses due.

31. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

32. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "31" of this Complaint as if fully set forth herein.

33. At all relevant times, upon information and belief, Defendants was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, Defendants has/have had gross revenues in excess of $500,000.

36. Upon information and belief, at all relevant times, Plaintiff was engaged in interstate commerce by and through his duties and responsibilities of serving as personal assistant to Defendant, ANNA-LOU LEIBOVITZ.

37. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

38. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

39. At all relevant times, Defendants had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

40. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at

the overtime wage rate when Defendants knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

41. Defendants have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

42. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

45. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

46. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "45" of this Complaint as if fully set forth herein.

48. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff.

49. Defendants, pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in a workweek.

50. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendants violated Plaintiff's statutory rights under the NYLL.

51. The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

52. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation all hours worked over forty (40) hours in a workweek at the overtime wage rate.

53. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

54. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
**[Failure to provide a Wage Notice]**

55. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

57. Defendants has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

58. Through the knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

59. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

61. Defendants has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

62. Through knowingly or intentionally failing to provide the Plaintiff with a precise wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

63. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 5
### [Unjust Enrichment]

64. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

65. Defendants, by and through their policies and practices, mandated that Plaintiff purchase goods and services as a condition of his employment with a promise that Plaintiff will be reimbursed later for such "business expenses".

66. Defendants, by through their policies and practices, benefited from Plaintiff using his own discretionary income to make purchases necessary for the duties and responsibilities of his employment by Defendants.

67. Plaintiff relied upon promises and policies and practices of Defendants that he would be reimbursed for his expenses.

68. Defendants willfully failed to reimburse Plaintiff a total of $79,000.00 in expenses incurred.

69. Equity and good conscience demands that Defendants be held accountable for their deeds and that Plaintiff be reimbursed $79,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)  An award of unpaid wages at the overtime wage rate due under the FLSA;

(b)  An award of liquidated damages as a result of Defendants' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)  An award of unpaid wages at the overtime wage rate under the NYLL;

(d)  An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages at the failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e)  An award of $79,000.00 in unpaid business expenses

(f)  An award of prejudgment and post-judgment interest;

(g)  An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)  Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
October 13, 2022

Respectfully submitted

By: *James F. Sullivan*
James F. Sullivan (JS 3099)

By: *Lawrence Spasojevich*
Lawrence Spasojevich (LS 1029)